# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WORLD HARVEST CHURCH, INC.,

    Plaintiff,

v.

GUIDEONE MUTUAL INSURANCE COMPANY,

    Defendant.

CIVILACTION NO.
1:07-CV-1675-RWS

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Discovery Requests [34], Defendant's Motion for Summary Judgment [39], and Plaintiff's Motion for Summary Judgment [42]. After a review of the record, the Court enters the following Order.

## Background

This case concerns an insurance coverage dispute. The material facts are undisputed. Plaintiff World Harvest Church ("WHC" or "Plaintiff") contends

that Defendant GuideOne Mutual Insurance Company ("GuideOne" or "Defendant") breached its insurance contract and now seeks reimbursement for settlement payment and defense costs incurred by Plaintiff in a separate lawsuit. In 2004, Plaintiff was sued by Phillip Stenger, a court-appointed receiver, in the Northern District of Georgia seeking to recover the funds contributed to Plaintiff by certain individuals between 1994 and 1999 ("Stenger Lawsuit"). (Id.) These contributions were made to Plaintiff during the time period when it was insured by Defendant under GuideOne Mutual Policy No. 1129-727 ("Policy"). (Dkt. No. [42] at 3.) Plaintiff notified Defendant of the Stenger Lawsuit and Defendant retained Goodman, McGuffy, Lindsey & Johnson, LLP to defend Plaintiff in the suit. (Id.; Dkt. No. [39] at 5.) Defendant recognized that there may be coverage issues under the Policy so the file was split, with one claim handler assigned to address the liability issues and one claim handler assigned to the coverage issues. (Dkt. No. [39] at 5.) Defendant notified Plaintiff that the file was split and that there were potential coverage issues. (Id. at 6, "Hubbell dep." at 25, 36, 51-52 Exh. K.) Defendant continued to defend Plaintiff in the Stenger Action for eleven (11) months. In January 2005, Defendant informed Plaintiff that the Stenger Lawsuit was not covered under

2

AO 72A
(Rev.8/82)

the insurance Policy and that Defendant would neither indemnify Plaintiff nor continue payment of defense counsel. (Dkt. No. [39] at 6; Dkt. No. [42] at 4.) Plaintiff subsequently sent a demand letter in February 2005 to Defendant requesting indemnification and continued representation. (Dkt. No. [42] at 4-5.) In its demand letter, Plaintiff noted that Defendant lacked a reservation of its rights under the Policy. (Id. at 5.) Due to Defendant's failure to commence representation, Plaintiff retained the Ekonomou, Atkinson and Lambros firm to resolve the Stenger Lawsuit and settled the suit for a payment of One Million Dollars ($1,000,000.00). (Id. at 6.) Plaintiff then commenced the present suit against Defendant, seeking indemnification for the settlement amount and litigation fees paid by Plaintiff in the Stenger Lawsuit. (Id.)

## Discussion

### I. Cross Motions for Summary Judgment

Both parties moved for summary judgment on the issue of Defendant's liability under the Policy for the $1,000,000 settlement amount and reimbursement of attorney's fees. Furthermore, both parties ask the Court to rule as a matter of law on the Plaintiff's claim of bad faith under O.C.G.A. § 33-4-6. Defendant moved for summary judgment on Plaintiff's claim for

3

attorney's fees and litigation expenses under O.C.G.A. § 13-6-11. Due to the nature of the arguments presented in the parties' briefs, the Court shall address the motions collectively

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of

4

material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at

5

586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

With these standards as a foundation, the Court turns to address the merits of the parties' motions for summary judgment.

### B. Breach of Contract and Indemnification (Count I)

Plaintiff argues that Defendant is estopped from asserting a defense of noncoverage of the Stenger lawsuit. (Dkt. No. [42] at 8.) See Prescott's Altama Datsun, Inc. v. Monarch Ins. Co. of Ohio, 253 Ga. 317, 318, 319 S.E.2d 445 (1984) (stating, "[The Supreme Court of Georgia] declines to adopt the proposition of law that although policy conditions and limitations may be waived, the defense of noncoverage can never be waived.") Plaintiff states that Defendant assumed the conduct of the defense of the Stenger Lawsuit and is therefore liable for the settlement amount and defense costs. (Id.) Defendant had knowledge of facts that constituted coverage issues yet commenced a defense of the Stenger Lawsuit without a reservation of its right to deny coverage. (Id.) Plaintiff argues that Defendant's oral discussions with WHC regarding coverage issues did not constitute a reservation of noncoverage

6

because such discussions failed to fairly inform the Plaintiff of the insurer's reservation of rights to deny coverage. (Dkt. No. [54] at 8.) See State Farm Mut. Auto Ins. Co. v. Anderson, 104 Ga.App. 815, 123 S.E. 2d 191 (1961) ("the insurer may avoid the estoppel by giving the insured timely notice that, notwithstanding its defense of the action against him it has not waived the defenses available to it against the insured.") Defendant's termination of the defense, eleven months after commencement, prejudiced Plaintiff as "not only was WHC precluded from using counsel of its choice, but WHC was also deprived of its right to control its own defense." (Dkt. No. [54] at 11.) Plaintiff argues that the doctrine of estoppel applies to both risks covered and excluded from the policy at issue. Prescott's, 253 Ga. at 318 (1984); Vara v. Essex Ins. Co., 269 Ga. App. 417, 604 S.E.2d 260 (2004). Therefore, Defendant should be estopped from denying coverage and held liable for defense costs. (Dkt. No. [42] at 8). See O'Brien Family Trust v. Glen Falls Ins. Co., 218 Ga. App. 379, 380 (stating, "in Georgia, [] a liability insurer who assumes the conduct of the defense to an action with knowledge of facts constituting noncoverage and without disclaiming liability and giving notice of its reservation of rights is thereafter estopped from denying coverage.")

7

Defendant argues that the doctrine of estoppel is inapplicable to the case at hand. First, Defendant asserts that estoppel cannot be used to create liability not created by the policy contract and not assumed by the insurer. (Dkt. No. [50] at 7.) Danforth v. Government Employees Ins. Co., 282 Ga. App. 421, 638 S.E.2d 852 (2006). Defendant dismisses Plaintiff's reliance on the Prescott's case as dicta, arguing instead, that the clear law in Georgia bars the application of the doctrine of estoppel to risks outside the policy coverage. (Dkt. No. [55] at 2.) Danforth, 282 Ga. App. at 427 ("[i]t is well established, however, that '[t]he doctrines of implied waiver and estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom'" citing Sargent v. Allstate Ins. Co., 165 Ga.App. 863, 865(1), 303 S.E.2d 43 (1983)). Since the Stenger Lawsuit does not fall under the Policy agreement, Defendant cannot be estopped from denying coverage. (Id.) Next, relying on Adams v. Atlanta Cas. Co., 235 Ga.App. 288, 509 S.E.2d 66 (1998), Defendant argues that the crux of the estoppel doctrine is the insured's lack of knowledge of the possibility of noncoverage. (Dkt. No. [55] at 5). Undisputed evidence demonstrates that Defendant communicated to Plaintiff the existence of

8

coverage issues in the Stenger Lawsuit defense. (Dkt. No. [50] at 13; Ex. A., M. "Hufton dep." at 47-49, 55-57; Ex. H; Ex. I; Ex. K. "Hubbell dep." at 36.) Therefore, Plaintiff's awareness of the Policy coverage issues negates any estoppel claim. (Dkt. No. [50] at 15.) Finally, Defendant argues that the claim of estoppel fails as a matter of law because Plaintiff has not demonstrated the required element of prejudice. (Id. at 14.) Citing Prescott's, Defendant asserts that Plaintiff must demonstrate how the insurer's participation in the defense prejudiced the insured. (Dkt. No. [55] at 10); 253 Ga. at 318, 319 S.E.2d at 447(1984). Defendant argues that Plaintiff has not met the burden of establishing how Defendant hampered the development of the defense or provided unsatisfactory service. (Id. at 10.) Therefore, Defendant urges the Court to find that the doctrine of estoppel does not apply and grant summary judgment in its favor.

There appears to be no dispute that the Stenger Lawsuit does not fall within the coverage of the Policy. Therefore, the issue before the Court is whether Defendant is estopped from asserting a noncoverage defense due to its conduct in commencing a defense of the Stenger Lawsuit.

9

> It has long been the rule in Georgia that a liability insurer who assumes the conduct of the defense to an action with knowledge of facts constituting noncoverage and without disclaiming liability and giving notice of its reservation of rights is thereafter estopped from denying coverage. The insurer can avoid estoppel by giving timely notice of its reservation of rights which fairly informs the insured of the insurer's position.

O'Brien Family Trust, 218 Ga. App. at 380 (quoting Preferred Risk Mut. Ins. Co. v. Southern Guaranty Ins. Co. of Ga., 181 Ga. App. 688, 689, 353 S.E.2d 590 (1987)) (internal citations omitted). However, "[t]he longstanding general rule is that neither waiver nor estoppel can be used to create liability not created by an insurance contract and not assumed by the insurer under the terms of the policy." Andrews v. Ga. Farm Bureau Mut. Ins. Co., 226 Ga. App. 316, 317, 487 S.E.2d 3 (1997). "It is well established [] that the doctrines of implied waiver and estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom." Danforth, 282 Ga. App. at 427 (quoting Sargent, 165 Ga. App. at 865) (internal quotations omitted).

10

In spite of these "longstanding rules," in Prescott's, the Georgia Supreme Court stated that "risks not covered by the terms of an insurance policy or risks excluded therefrom . . . may be subject to the doctrine [of waiver and estoppel] where the insurer, without reserving its rights, assumes the defense of an action or continues such defense with knowledge, actual or constructive, of noncoverage." Prescott's, 253 Ga. at 318 (emphasis added). But, the Prescott's court held that the insurer's conduct in that case did not constitute waiver. Thus, the quoted statement is dicta. The Court further noted that Prescott's "failed to demonstrate how [the insurer's] participation has prejudiced Prescott's defense of Boatwright's suit," suggesting that an insured would have to show prejudice in order for the exception to apply. Id.

The language in Prescott's that estoppel can apply to uncovered or excluded risks has been cited in subsequent cases, but typically not for a dispositive holding in the case. See Henning v. Continental Cas. Co., 254 F.3d 1291, 1295 (11thCir. 2001) (insufficient record to determine waiver); American Interstate Ins. Co. v. Smith, 537 F. Supp. 2d 1378, 1382 (S.D. Ga. 2008) (citing Prescott's for the principle that "doctrines of waiver and estoppel are not to be extended to make a new contract, or to radically change the terms of the

11

policy"); Danforth, 282 Ga. App. at 860 (citing Prescott's in support of requirement that insured show prejudice); Vara, 269 Ga. App. at 417 (allowing impleader of an insurer that denied coverage and then assumed defense of case); Cotton States Mut. Ins. Co. v. State Farm Mut. Auto Ins. Co., 235 Ga. App. 510, 512, 510 S.E.2d 78 (1998) (no waiver for paying excess property damage); Adams, 235 Ga. App. at 289 (citing Prescott's for requirement that insured show prejudice); Andrews, 226 Ga. App. at 317 (Prescott's did not apply because insurer reserved its rights); Daniel v. Safeway Ins. Co., 199 Ga. App. 833, 835, 406 S.E.2d 266 (1991) (fact issues precluded court from finding waiver or estoppel); Jacore Sys., Inc. v. Central Mut. Ins. Co., 194 Ga. App. 512, 514, 390 S.E.2d 876 (1990) (Prescott's did not apply because insurer reserved its rights).

However, in VFH Captive Ins. Co. v. Cielinski, 260 Ga. App. 807, 809, 581 S.E.2d 335 (2003), the Prescott's holding appears to have been dispositive. The Court of Appeals found that there was an issue of fact concerning whether an insurer that had assumed the defense of an action without a reservation of rights was estopped from denying coverage. There was no evidence of a written insurance contract. However, the insured had paid premiums to the

12

insurer and received insurance cards and "cover sheets" showing he had coverage. When a complaint was filed against the insured, he sent a timely notice to the insurer, and the insurer assumed defense of the action, without conveying to the insured any reservation of rights. The insurer did not accept an offer to settle by the plaintiff and took the case to trial. At trial, a jury awarded the plaintiff damages twenty times the amount of plaintiff's settlement offer. Citing Prescott's, the court upheld the jury verdict finding coverage in favor of the insured. Though not directly discussed, the prejudice to the alleged insured resulting from the insurer's representation is obvious.

In light of the foregoing authority, the Court finds that, under Georgia law, there is an exception to the rule that would usually prohibit waiver or estoppel from creating liability under a policy when the risk at issue was not covered by the terms of the policy or was excluded therefrom. However, the Court concludes that application of this exception requires proof that the insurer's participation prejudiced the insured's defense of the suit. See Prescott's, 253 Ga. at 318; Danforth 282 Ga. App. at 860; Adams, 235 Ga. App. 289. Here, Plaintiff has not demonstrated prejudice resulting from Defendant's

13

actions. Finding none, the Court holds that Plaintiff's claim of estoppel must fail.

Defendant also urges the Court to find that estoppel should not apply because Plaintiff had actual knowledge of the coverage issue prior to Defendant undertaking the defense of the case. The Court finds that the authorities cited by Defendant in support of this argument do not compel this conclusion. An insured's knowledge of the coverage issue may be a factor in evaluating whether the insured was prejudiced by the insurer's actions, but that knowledge alone does not nullify the estoppel issue.

Having found that Plaintiff was not prejudiced by Defendant's actions, Defendant is not estopped from raising noncoverage as a defense to Plaintiff's claim. The Court further finds that the claim in the Stenger Lawsuit is not covered by the Policy. Therefore, Defendant's Motion for Summary Judgment as to Count I of Plaintiff's Compliant is **GRANTED**. Plaintiff's Motion for Summary Judgment as to Count I is **DENIED**

### C. Bad Faith of Insurer O.C.G.A. § 33-4-6 (Count II)

Plaintiff asserts that Defendant's refusal to pay the settlement amount and litigation expenses within sixty (60) days of Plaintiff's demand letter

14

constituted bad faith in violation of O.C.G.A. § 33-4-6[1]. (Complaint Dkt. No. [1] at ¶¶ 40-48; Dkt. No. [42] at 10.) Plaintiff argues that Defendant demonstrated a "frivolous or unfounded refusal in law or in fact to pay a loss according to the insurance contract after legal demand." (Id.); Reserve Life Ins. Co. v. Ayers, 217 Ga. 206, 212 (1961) (citing Cimarron Ins. Co. v. Pace, 212 Ga. 427, 430-431 (1956)).

In response and in its motion for summary judgment, Defendant asserts that Plaintiff's claim fails as a matter of law because Georgia appellate courts have strictly construed O.C.G.A. § 33-4-6 to require a loss covered under the policy. (Dkt. No. [50] at 15; Progressive Cas. Ins. Co. v. Avery, 165 Ga.App. 703, 302 S.E.2d 605 (1983); Collins v. Life Ins. Co. of Georgia, 228 Ga.App. 301, 491 S.E.2d 514 (1997); Anderson v. Georgia Farm Bureau Mut. Ins. Co., 255 Ga.App. 734, 566 S.E.2d 342 (2002)). Defendant concludes that as the Stenger Lawsuit was not covered under the Policy, O.C.G.A. § 33-4-6 does not

---

[1] The statute states in relevant part, "[i]n the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $ 5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer." O.C.G.A. §33-4-6(a).

15

apply. (Dkt. No. [50] at 16.)  Furthermore, the Defendant disputes Plaintiff's bad faith assertion, stating that Guideone had a reasonable and probable cause for denying payment of the claim. (Id.) See Winnigham v. Centennial Ins. Co., 708 F.2d 658, 659 (11th Cir. 1983).

As evidenced by the language of the statute and the relevant case law, O.C.G.A. § 33-4-6 only applies to losses covered under the insurance policy in dispute. Collins v. Life Ins. Co. of Georgia, 228 Ga. App. 301, 303, 491 S.E.2d 514, 517 (1997) (stating "the insurer cannot be deemed to have acted in bad faith for a frivolous and unfounded refusal to pay what is clearly not covered".) Having found that the claim in the Stenger Lawsuit is not covered by the Policy held by Plaintiff, the Court concludes Plaintiff cannot assert a cause of action under O.C.G.A. §33-4-6.  Accordingly, Defendant's Motion for Summary Judgment as to Count II of Plaintiff's Complaint is **GRANTED**.  Plaintiff's Motion for Summary Judgment as to Count II is **DENIED**.

### D. Attorney's Fees and Expenses O.C.G.A. § 13-6-11 (Count III)

Plaintiff further seeks litigation expenses under O.C.G.A. § 13-6-11[2]

---

[2]The statute states in relevant part, "[th]e expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly

16

stating that Defendant has been stubbornly litigious and acted in bad faith in its refusal to meet the requests of Plaintiff's demand letter. (Complaint Dkt. No. [1] at ¶¶ 49-53.) Because O.C.G.A. § 33-4-6 provides insureds the exclusive procedure to recover attorney's fees against an insurance company for a bad faith refusal to pay insurance proceeds, the Court concludes that Plaintiff's claim fails as a matter of law. Powers v. Unum Corp., 181 Fed. Appx. 939, 64 Fed. R. Serv. 3d 867 (11th Cir. 2006); Colonial Oil Ind. Inc. v. Underwriters, 910 F.Supp. 655, 656 (S.D. Ga. 1995).

Therefore, Defendant's Motion for Summary Judgment [39] as to Count III of Plaintiff's Complaint is **GRANTED**.

## II. Plaintiff's Motion for Discovery Request

Plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 16 seeking leave of the Court to serve a discovery request titled *Plaintiff World Harvest Church, Inc.'s Second Request For Production of Documents to Defendant GuideOne Mutual Insurance Company.* Given the Court's ruling on

---

litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-6-11.

the cross motions for summary judgment, Plaintiff's Motion for Discovery Requests [34] is **DENIED as moot**.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Discovery Requests [34] is **DENIED as moot**, Defendant's Motion for Summary Judgment [39] is **GRANTED**, and Plaintiff's Motion for Summary Judgment [42] is **DENIED**. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Defendant and against Plaintiff in this action.

**SO ORDERED** this  2nd  day of December, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

18